## Case No. 16,603.

UNITED STATES v. UNITED STATES TEL. CO.

[2 Ben. 362;[1] 1 Am. Law T. Rep. U. S. Cts. 69; 7 Int. Rev. Rec. 141.]

District Court. S. D. New York. April, 1868.

DUTY ON TELEGRAPH CABLE—ENUMERATED ARTICLES.

1. Telegraph cable, composed of iron-wire and gutta-percha, iron being the material of chief value. is embraced in the words of the twenty-second section of the tariff act of March 2, 1861 (12 Stat. 192), and the thirteenth section of the act of July 14, 1862 (12 Stat. 557), as a manufacture, not otherwise provided for. of which iron is the component material of chief value.

[Distinguished in Cohen v. Phelps, Case No. 2,964.]

2. It is, therefore. not embraced within the provision of the twentieth section of the act of August 30, 1842 (5 Stat. 565), which provides, that, on non-enumerated articles. manufactured from different materials, the highest duty shall be assessed which. is chargeable upon any of their component parts.

3. Such telegraph cable, therefore, was held to be chargeable with thirty-five per cent. duty, notwithstanding the fact that gutta-percha was chargeable with forty per cent.

B. K. Phelps, Asst. U. S. Dist. Atty.
G. P. Lowrey, for defendant.

BLATCHFORD, District Judge. This is an action to recover $542.30, with interest from January 17, 1865, alleged to be due to the United States, for duties on a quantity of telegraphic cable imported into the United States by the defendants. The article is composed of iron-wire and gutta-percha,

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

and, in its manufactured state, iron is its component material of chief value. On the entry of the article, a duty of thirty-five per cent., ad valorem, was imposed, and paid upon it, under section twenty-two of the act of March 2, 1861 (12 Stat. 192), which imposes a duty of thirty per cent. on "manufactures, articles, vessels, and wares not otherwise provided for, of brass, copper, gold, iron, lead, pewter, platina, silver, tin, or other metal, or of which either of these metals, or any other metal, shall be the component material of chief value," and under section thirteen of the act of July 14, 1862 (12 Stat. 557), which, in addition to the duties theretofore imposed by law, imposes a duty of five per cent., ad valorem, on "manufactures, articles, vessels, and wares not otherwise provided for, of gold, silver, copper, brass, iron, steel, lead, pewter, tin, or other metal, or of which either of these metals, or any other metal, shall be the component material of chief value." The words, "otherwise provided for," mean otherwise provided for among enumerated articles, by being classed under a description contained in an enumeration of articles. Morlot v. Lawrence [Case No. 9,815]. The article in question here is not included in any enumeration of articles in any tariff act existing at the time it was imported, except in such enumerations in the acts of March 2, 1861, and July 14, 1862. It would, therefore, seem, as iron is its component material of chief value, to be liable to a duty of thirty-five per cent., ad valorem, and no more. But the United States claim that it is liable to a duty of forty per cent., ad valorem, on the ground that the twentieth section of the act of August 30, 1842 (5 Stat. 565), provides, that, on all nonenumerated articles "manufactured from two or more materials, the duty shall be assessed at the highest rates at which any of its component parts may be chargeable," and that, by the thirteenth section of the act of June 30, 1864 (13 Stat. 214), a duty of forty per cent., ad valorem, is imposed on "gutta-percha manufactured." This suit is brought to recover the difference between the thirty-five per cent. paid and the forty per cent., and, at the trial, a verdict was taken for the plaintiffs, subject to the opinion of the court.

It is claimed, on the part of the United States, that, as there is not in the tariff acts any duty imposed on telegraphic cable, by that name, or by any commercial designation applicable to the thing itself, it is, therefore, a nonenumerated article, and, as such, liable to the duty of forty per cent. claimed. This view would be sound, and the article would be liable to a duty of forty per cent., if it were a nonenumerated article. But it is not a nonenumerated article, and, therefore, the twentieth section of the act of 1842 has no application to it. That section applies only where an article has not been otherwise provided for—that is, is not classed

under a description contained in an enumeration of articles. Lottimer v. Lawrence [Case No. 8,521]. The article in question here is described in the twenty-second section of the act of 1861, and the thirteenth section of the act of 1862, and is classed under the description contained in the enumeration of articles in those sections, as an article of which iron is the component material of chief value. In U. S. v. Clarke [Case No. 14,813], bombazine was not named in the tariff act of 1824. It was a fabric composed of wool and silk. The act imposed a duty of thirty per cent. on all manufactures of which wool was a component part (except worsted stuff goods and blankets); a duty of twenty-five per cent. on all manufactures of which silk was a component material, coming from beyond the Cape of Good Hope; a duty of twenty per cent. on all other manufactures of which silk was a component material; and a duty of fifteen per cent. on nonenumerated articles. The court held, that, under the act, bombazine was not a nonenumerated article, but that it was doubly enumerated. Yet, the only enumeration of it was by speaking of it as an article of which wool was "a component part," or of which silk was "a component material." So, here, the telegraphic cable is enumerated, by speaking of it as an article of which iron is "the component material of chief value."

In the case of Morlot v. Lawrence [supra], which is relied upon by the plaintiffs to sustain their claim to recover in this case, the article under consideration—linen lustres, &c., composed of linen and cotton—was not enumerated. It did not fall within any of the articles specially described in any tariff act. It was, therefore, a nonenumerated article, and, as such, the twentieth section of the act of 1842 applied to it.

There must be a judgment for the defendant.